**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LORENZO WOODS,
Movant,

v.

UNITED STATES OF AMERICA,
Respondant.

Crim. Dkt: 00-092-01 T
(Providence)

Hon. Ernest C. Torres

**NOTICE AND MOTION FOR CORRECTION OF RECORD PURSUANT TO Rule 36, Fed.R.Crim.P**

COMES NOW, Lorenzo Woods, pro se, heretofor Movant, respectfully providing notice and supporting documentation of a clerical error in the record. Furthermore it is requested that the court amend and/or supplement the record in order to correct said error.

**BACKGROUND**

Movant was sentenced to 188 months for distribution of a controlled substance. He is now a federal prisoner serving his sentence at the Federal Correctional Institution at Elkton, Ohio, (FCI Elkton). On or about May 31, 2005, several years after the initial program review and/or custody classification the prison administration determined that the offense conduct describing a conviction for Attempted Criminal Possession of a weapon (11/21/91, New York City Police Department, Superior Court of Kings County), describes an act of serious violence and omits that portions of the description were unfounded allegations.

**NOTICE AND REQUEST FOR CORRECTION**

At page 7, paragraph 28 of the Pre-Sentence Report prepared by the U.S. Probation Office in abovementioned criminal case, it is indicated affirmatively that Movant was found in possession of a .9 mm cal. Taurus pistol, and further-

more that he pointed said pistol at a police officer.*

However, this information as stated, is incomplete, inaccurate and/or erroneous. Perhaps this information was taken from the allegations made in police reports or similar documents, with the specific purpose to report rather than state findings of fact. The above indicated information in the PSR, does not accurately reflect that Movant vehemently contested this allegation. Most importantly, he was partly vindicated when the charges related to said allegations were dismissed, thus absolving culpability in that regard.

Movant did in fact plead guilty to Attempted Criminal Possession of a Weapon-2nd degree. The discrepency between the affirmative statement in question and the related conviction is evident. It is factually impossible for Movant to point a pistol at a police officer not in his physical possesion. The conviction is not a result of savvy plea bargaining, these more serious allegations and charges were dismissed due to a lack of evidence. Exhibit A attests to the veracity of the claims made within this pleading.[2] This erroneous information is currently adversely affecting my custody score (classification) and program participation. The prison administration has indicated that only amendment of the record by this court will provide a remedy for the Movant. (Exhibit B)[2]

A suggested amendment would read as follows:

> **Upon further inquiry into the defendant's prior offense on 11/21/91, it was alleged that he was found in possession of a loaded .9 mm Taurus pistol that he allegedly pointed at a police officer. However these more serious charges were dismissed due to a lack of evidence and/or defect in the indictment and the defendant pled guilty to attempted criminal possession of a weapon.**

Movant did not commit the acts alleged. The misrepresentations in the PSR suggest a finding of fact, when on the contrary no such findings were made in

---

* It is respectfully requested that the Pre-sentence Report of the Movant is included with the Motion for consideration by the Court the Bureau of Prisons does not allow possession of this document.

[2] Exhibit A, Transcript New York v. Woods, Indictment No. 14857/91; Exhibit B, Response to Request for Administrative Remedy, T.R.Sniezek, Warden-FCI Elkton; hereby included and incorporated by reference.

this regard. It is imperative that action is taken to let the record reflect accuracy Movant's prior history culpability. Needless to say, such behavior is society in general, since Movant did not do this he should not be held accountable for such an act.

## CONCLUSION

WHEREFORE, Movant respectfully requests that this Honorable Court correct by any available means, in order that the record accurately reflect Movant's Criminal History Conduct and culpability.

Respectfully Submitted,

Lorenzo Woods

Date: 3-29-06

Lorenzo Woods

## AFFIDAVIT AND CERTIFICATE OF SERVICE

I, Lorenzo Woods, the undersigned affiant, hereby certifies under penalty of perjury that the above averments and statements are true and correct. I mailed a true and complete copy of this pleading via first class mail to:

U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza
8th Floor
Providence, RI 02903

on this the 29 day of March 2006.

The above declarations are made pursuant to Title 28 USC §1746.

Lorenzo Woods

Lorenzo Woods, Affiant
Reg. No. 04481-070
FCI Elkton
P.O. Box 10
Lisbon, OH 44432-0010

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS : CRIMINAL TERM : PART 21

- - - - - - - - - - - - - - - - - - - - - X

THE PEOPLE OF THE STATE OF NEW YORK : Indictment No. 14857/91

- against - :

LORENZO WOODS, : C.P.W. 2°

Defendant. : Proceeding

- - - - - - - - - - - - - - - - - - - - - X

360 Adams Street
Brooklyn, New York
Wednesday, January 29, 1992

Before:

HONORABLE ANNE G. FELDMAN,

Justice.

Appearances:

CHARLES J. HYNES, ESQ.
District Attorney, Kings County
For the People
BY: STACIE PITTELL, ESQ.
Assistant District Attorney

JUSTIN BARRY, ESQ.
Legal Aid Society
For the Defendant

JOHN M. JONES, C.S.R.
Senior Court Reporter

Exhibit, A.

Brooklyn, New York

Wednesday, January 29, 1992

THE CLERK: On page one, number seven, 14857/91, Lorenzo Woods.

MR. BARRY: Legal Aid Society by Justin Barry.

THE CLERK: Defendant Woods has made bail of a thousand dollars cash. Parker warnings were given last time.

THE COURT: You want to come up? You have the grand jury minutes?

MS. PITTELL: Yes, I have them. Handing the grand jury minutes to the Court.

(Off-the-record conference at the bench.)

THE COURT: Grand jury minutes have been inspected. The motion to dismiss is granted insofar as it seeks to dismiss criminal possession of a weapon in the second degree, insofar as there was no evidence presented that the defendant intended to use the weapon.

MR. BARRY: Your Honor, would that also go towards menacing? He's charged with a B misdemeanor, menacing.

THE COURT: Yes, menacing is also dismissed.

MS. PITTELL: People have leave to re-present?

THE COURT: Yes, with leave to re-present.

Mr. Woods, listen very carefully. Your

lawyer might explain this to you later, but I want to be sure you hear it from me.

I have read the grand jury minutes and it would appear that the police officer, in testifying before the grand jury, did not tell them that according to him you turned and pointed the gun at him and his partner as they were pursuing you. I don't know what happened that he didn't say it.

I am therefore dismissing that count, which carries with it a higher minimum sentence than the count of just possessing a weapon.

You understand what I'm telling you?

THE DEFENDANT: Yes.

THE COURT: However, the People can re-present it and probably will. If you're interested in disposing of this case and if you are in fact guilty of possessing a gun, I am offering you one to three years at this time. If you don't want it, you don't have to take it, but the People will probably re-present the case and you'll face a much higher charge the next time.

If you're interested in disposing of the case, discuss it with your lawyer.

(Pause.)

MR. BARRY: Your Honor, he indicated to me, as he has all along, that he's not guilty of the charges

and he wants to go to trial.

THE COURT: You want time to re-present?

MS. PITTELL: Yes, I would like time to re-present.

MR. BARRY: For the record, your Honor, I've already filed motions.

THE COURT: Yes, I see that.

MS. PITTELL: When did you do that?

MR. BARRY: The motions were served on the 22nd, I think, on the D.A.'s office.

MS. PITTELL: Do you want me then to answer them as if they were on all of the charges.

THE COURT: Well, it's up to you. Do you want to re-present? I don't know how you can answer it until you've had your presentation.

MS. PITTELL: Well, I kind of know what the facts will be. I'll hold off until I make a decision, then I'll answer it either on the charges as they stand now or on the re-presented charges.

THE COURT: What date are you asking for?

MS. PITTELL: Sometime in the week of the 17th.

THE COURT: I don't want to put it on and you tell me you haven't re-presented it yet.

MS. PITTELL: Make it the week of the 24th.

THE COURT: That's fine.

The 27th?

MS. PITTELL: That's fine for re-presentation or response to motions.

MR. BARRY: Thank you, your Honor.

* * * * *

Certified to be an accurate transcript of the minutes in the above proceeding.

John M. Jones, C.S.R.
Senior Court Reporter (retired)
Supreme Court Kings County

REQUEST FOR ADMINISTRATIVE REMEDY
PART B - RESPONSE

Woods, Lorenzo
Reg. No.: 04881-070
Remedy I.D.: 382331-F1
Unit FA

This is in response to your Request for Administrative Remedy receipted July 14, 2005, in which you allege that your Pre-Sentence Investigation Report (PSI) contains inaccurate information which the Bureau of Prisons is using against you.

Investigation into this matter reveals that you are currently serving a 188-month sentence for Conspiracy to Distribute More Than Five Grams of Cocaine Base, Distribution of More Than Five Grams of Cocaine Base, and Distribution of Cocaine Base. You have been assigned a prior violence score of 10-15 years serious based on information contained in your PSI. Specifically, your PSI states that you were arrested and charged with Criminal Possession of a Weapon (two counts) and Menacing on November 21, 1991. You subsequently pled guilty to Attempted Criminal Possession of a Weapon on June 28, 1994. The description of the offense states that, "He was found in possession of a loaded .9 mm cal Taurus pistol and he pointed the pistol at a police officer. According to the Kings County Supreme Court file, the defendant aimed the firearm at the officer during a chase, prior to discarding it in the lot." According to Program Statement 5100.07, Security Designation and Custody Classification Manual, severity of violence is defined according to the offense behavior which resulted in a conviction of finding of guilt.

Due to the fact that you claim the description of this offense is inaccurate, a letter has been forwarded to the United States Probation Office in Rhode Island, informing them that you believe your PSI contains inaccurate information. However, as staff have informed you, in order to have your PSI amended, you must file a motion with the court. Bureau of Prisons' staff, nor the United States Probation Officer, have the authority to make changes to your PSI once it has been approved by the court.

Based on these findings, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Northeast Region, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106, within 20 calendar days of the date of this response.

T. R. Sniezek, Warden

7/18/05
Date

Exhibit, B.