**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

      v.                                      Cr. No. 00-092ML

LORENZO WOODS
a/k/a ALONZO BROWN, LEWIS HOISINGTON,
and SEAN COMB

**ORDER DENYING PETITIONER'S MOTION FOR REDUCTION OF SENTENCE**

**PURSUANT TO 18 U.S.C. § 3582(c)(2)**

     Lorenzo Woods has filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons stated below, the motion is DENIED.

     On March 9, 2001, Judge Torres imposed sentence on Woods after he pled guilty to conspiracy to distribute cocaine base and distribution of cocaine base. Based on the amount of drugs involved, 59.64 grams, Woods's base offense level was calculated as 32 and, based on his numerous prior convictions, his criminal history category was determined to be category VI. However, since Woods already had two prior felony convictions for controlled substance offenses on his record, he was determined to be a career offender and his base offense level was raised to 34 under U.S.S.G. § 4B1.1. After an adjustment for acceptance of responsibility, Woods's net offense level of 31 and his criminal history of category VI resulted in a sentencing guideline range of 188 to 235 months. The sentencing Court imposed a sentence of 188 months imprisonment and five years of supervised release.

     On November 1, 2007, the U.S. Sentencing Commission amended the sentencing guidelines to reduce the sentencing disparity between offenses involving cocaine powder and cocaine base (Amendment 706). Subsequently, Amendment 706 was given retroactive

affect as of March 3, 2008. While the Sentencing Commission lowered the offense levels in U.S.S.G. § 2D1.1(c) related to cocaine base drug quantities, it did not reduce the sentencing range for career offenders under U.S.S.G. § 4 B1.1. A defendant who is sentenced by reference to the career offender guideline is not eligible for reduction under 19 U.S.C. § 3582(c)(2). See e.g. United States v. Caraballo, 552 F.3d 6 (1st Cir. 2008)(district court lacks authority to modify a defendant's sentence under 18 U.S.C. § 3582(c)(2) whose guideline range has not been lowered by Amendment 706).

From a review of the petitioner's record, it is clear that the Court calculated his sentence under the career offender guideline, U.S.S.G. § 4B1.1, and not under U.S.S.G. § 2D1.1. Had the amended guidelines been in effect at the time he was sentenced, Woods's net offense level still would have been 31. Accordingly, because Woods's sentencing range remains unchanged by Amendment 706, Woods is ineligible for a reduction in sentence under 18 U.S.C. § 3582(c). The Court has considered Woods's remaining arguments and his requests for resentencing and a downward departure and finds them to be without merit.

For the foregoing reasons, Woods's motion for sentence reduction is DENIED.

By Order

_____
Deputy Clerk

ENTER:

_____
Mary M. Lisi
Chief United States District Judge
Date: April 23, 2009